IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLEN C. WHITE,                                    Case No. 16-cv-41-pp

          Plaintiff,

v.

CITY OF NEW BERLIN,
KARI MORGAN, and
DAVID AMENT,

          Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1), AND ORDERING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On January 11, 2016, plaintiff Ellen White, representing herself, filed a complaint alleging that the defendants had discriminated against her. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 2. This order addresses the motion and screens the complaint.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the plaintiff submits an affidavit listing her assets, indicating that she is unable to pay the fees, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a). A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder if it finds

1

that the plaintiff cannot pay the full expense but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

The plaintiff's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, which she filed on January 11, 2016, indicates that she is not employed and is not married. Dkt. No. 2 at 1. She reports two sources of income. Id. at 2. The application indicates that she receives $1,606.65 each month from Randstad U.S., L.P., and receives $4,100 monthly from the State of Wisconsin in unemployment benefits. If the plaintiff truly did receive those amounts each month, that would mean that she received a total of $5,706.65 in monthly income. She listed her expenses $200 in rent each month, $50 a month in credit card payments, and $600 in monthly household expenses, totaling $850 a month in expenses; again, if the plaintiff actually did receive $5,706.65 per month in income, and had $850 a month in expenses, she would have a monthly disposable income of $4,856.65—more than enough to pay the filing fee.

The application also indicates that the plaintiff owns a 2006 Scion xB which she values at $3,900. Id. at 3. It indicates that she owns her home free and clear, that the home has a value of $42,200, and that she has equity in the home in that same amount. Id. It also indicates that she has a bank account containing $300. Id.

This is not, however, the plaintiff's only case before this court. On January 20, 2016, she filed a *pro se* complaint against Randstad US, Randstad Holding NV, US Bank, and US Bancorp. White v. Randstad et. al., Case No. 16-

2

CV-76 (E.D. Wis. 2016). In that case, she also filed a application to proceed *in forma pauperis*—indeed, the identical application that she filed in this case. Dkt. No. 2. On February 18, 2016, based on the calculations described above, the court denied the motion on the basis that the plaintiff had enough money to pay the filing fee. Dkt. No. 4. In that case, the plaintiff asked the court to reconsider. Dkt. No. 6. With the motion to reconsider, the plaintiff explained her financial circumstances in greater detail. Dkt. Nos. 6-7. The court finds that that explanation—which caused the court to reverse its decision requiring her to pay the filing fee—is equally applicable in this case.

In Case No. 16-CV-76, the plaintiff stated that, in the year 2015, she received only $1,606.65 in *total* income from her employment at Randstad US, and received only $4,100 in unemployment benefits. Currently, she is not employed and has no income other than $194 per month in food share benefits. She applied for Social Security disability benefits, but her application was denied. She has only $368.24 in her checking account and $123.85 in her savings account. Further, she declares that, although she has an ownership interest in the home valued at $42,200 (which is not subject to a mortgage or similar encumbrance), her interest is divided among her three siblings and her mother, and she cannot borrow against the home. She states that she has $850 in monthly expenses, consisting of $200 in rent, $50 in credit card payments, and $600 in household expenses. The plaintiff's mother and siblings occasionally provide her with assistance, but they have a limited ability to do so.

Applying the additional information filed in Case. No. 16-CV-76, the court finds that the plaintiff has demonstrated that she does not have the resources to pay the filing fee in this Case No. 16-CV-41.

The second prong of the fee waiver analysis requires the court to consider whether the plaintiff's claim appears to be frivolous. 28 U.S.C. §1915(e)(2)(B)(i). A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

The plaintiff states that she "worked as a part-time human resources clerk from May 28, 2013 through June 5, 2014 for the City of New Berlin." Dkt. No. 1 at 3. She alleges that the "defendant"—she doesn't say which one—fired her on June 5, 2014. The complaint alleges that she was fired after defendant Morgan gave her a memo stating that the plaintiff's probationary period was going to be extended for two months (because the plaintiff had been there only four months and defendant Morgan needed more time to evaluate her performance). Id. The plaintiff alleges that defendant City of New Berlin singled her out to be fired, in contrast to other employees who received one-to-one counseling about their job performance but were not fired. Id. She alleges that defendant Morgan, under the direction of defendant Ament, fired her for three reasons: (1) she is an African-American female; (2) she is over the age of forty; and (3) she needed accommodations. Id.

The plaintiff's complaint does not indicate what federal law she believes the defendants violated, but the court can hazard some guesses from her factual allegations. The plaintiff alleges that the defendants fired her because of her race, because of her age, and because she needed accommodation—presumably, because she was disabled.

One option is that the plaintiff means to allege that the defendants (a municipality and its employees) violated her civil rights under 42 U.S.C. §1983, which prohibits individuals acting under color of state law from violating a person's constitutional rights. The Constitution prohibits employment discrimination on the basis of race, age or disability. The plaintiff also brings her complaint against defendants who arguably acted under color of law.

The plaintiff also asserts facts that could provide the basis for a claim under the Americans with Disabilities Act (42 U.S.C. §12201(6), et seq.), the Age Discrimination in Employment Act (29 U.S.C. §621, et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e), et seq.).

Regardless, the court finds that the plaintiff has alleged sufficient facts to indicate that the claims in her complaint are not frivolous. Because the plaintiff does not have the financial resources to pay the filing fee and because she has stated claims that, on their face, do not seem to be frivolous, the court will grant her motion to proceed without paying the filing fee.

**SCREENING THE PLAINTIFF'S COMPLAINT**

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

6

*Analysis of the Plaintiff's Allegations Under 42 U.S.C. §1983*

As the court has noted, the plaintiff has not identified the law she believes that the defendants violated. The court will begin by analyzing her allegations under §1983.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff has sued three defendants. First, she sues the City of New Berlin. The city is not a person; §1983 provides for claims against a *person* acting under color of state law. The city is a local government entity. The Supreme Court held in Monell v. Dept. of Soc. Servs. of the City of New York, 436 U.S. 658, 694-95 (1978) that:

> a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

7

This means that a plaintiff may sue a government entity under §1983 only if the plaintiff alleges that that entity has engaged in a policy or practice of violating the civil rights the plaintiff claims were violated. The plaintiff has not made any allegations that the City of New Berlin had any policy or practice of race, age or disability discrimination; she alleges only that the City singled her out for discrimination. Thus, the plaintiff has not stated a §1983 claim against the City of New Berlin.

The plaintiff also has sued Kari Morgan and David Ament. She states, "On June 5, 2014, Kari Morgan, under the direction of Mayor David Ament, fired the plaintiff because the plaintiff is an African-American female, over age 40, needing accommodation." Dkt. No. 1 at 3. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West v. Atkins, 487 U.S. 42, 50 (1988). The plaintiff has alleged sufficient facts to support a claim that Morgan and Ament are public employees.

The Equal Protection Clause of the Fourteenth Amendment protects against discrimination based on race, age, and disability.

> To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that [she] is a member of a protected class, that [she] is otherwise similarly situated to members of the unprotected class, and that [she] was treated differently from members of the unprotected class.

Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005). The plaintiff has alleged Ament, through Morgan, fired her because she is African American, forty years old, and in need of certain accommodations. Dkt. No. 1 at 3.

8

The plaintiff's complaint contains at least the allegation that she is a member of several protected classes (race, age and disability). It does not, however, contain any facts to indicate that she was treated differently than similarly situated persons who weren't members of those protected classes. The complaint also does not contain any facts indicating that she was treated different from people who were not members of the protected class; indeed, the plaintiff alleges that she was "singled out to be fired, as opposed to other employees who received 1:1 counseling about their job performances but were not fired." Dkt. No. 1 at 3. She doesn't allege that those employees were similarly situated to her in terms of job performance. She does not allege that those employees were of a different race, or under forty, or did not have disabilities. At this point, the complaint does not state sufficient facts to allow the plaintiff to proceed on a §1983 employment discrimination claim against Ament and Morgan.

*Analysis Under Other Federal Employment Discrimination Statutes*

While the court has found that the complaint does not allege sufficient facts to allow the plaintiff to proceed on a §1983 civil rights claim against the defendants (and that she cannot proceed against the City of New Berlin on a §1983 civil rights claim at all), there are other federal statutes implicated by the plaintiff's brief allegations.

The plaintiff alleges that she was fired for needing accommodations. "The ADA prohibits an employer from discriminating against a qualified individual with a disability." Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669 (7th

9

Cir. 2000) (citing 42 U.S.C. §12112(a)). To establish disability discrimination, the plaintiff must show (1) that she is disabled within the meaning of the ADA, (2) that she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) that she suffered from an adverse employment action because of her disability. Bekker, 229 F.3d at 670.

The plaintiff also suggests that her age played a role in her termination. "Under [the Age Discrimination in Employment Act (ADEA)], an employer may not discharge, refuse to hire, or otherwise discriminate against any individual who is age 40 or older." Kralman v. Ill. Dept. of Veterans' Affairs, 23 F.3d 150, 153 (7th Cir. 1994) (citing 29 U.S.C. §§623(a), 631(a)). To prove an ADEA claim, the plaintiff must show that the defendants "subjected [her] to an adverse employment action because of [her] age." Barton v. Zimmer, Inc., 662 F.3d 448, 453 (7th Cir. 2011).

Finally, the plaintiff suggests that the defendants fired her because of her race. Title VII forbids a covered employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color . . . , or national origin." 42 U.S.C. §2000e-2(a)(1). To prove a claim of racial discrimination under Title VII, a plaintiff either may "present direct or circumstantial evidence that creates a 'convincing mosaic of discrimination' on the basis of race," or she may indirectly prove such a claim by showing that

> (1) she is a member of a protected class, (2) her job performance was meeting her employer's legitimate

10

Case 2:16-cv-00041-PP   Filed 03/17/16   Page 10 of 13   Document 6

> expectations, (3) she was subject to a materially adverse employment action, and (4) the employer treated similarly situated employees outside the protected class more favorably.

Winsley v. Cook Cnty., 563 F.3d 598, 604 (7th Cir. 2009).

The plaintiff has not, in the current complaint, provided enough information for the court to determine whether she can proceed against the City of New Berlin (or the two individual defendants) under any of these statutes. With regard to her allegation that someone violated her rights because of a disability, the plaintiff says only that she needed accommodations. She does not identify her disability. She does not allege that she could have performed the essential functions of her job, either with or without reasonable accommodation. She does state any facts that would support the conclusion that her disability was the reason she was fired.

Similarly, with regard to the ADEA, the plaintiff has not provided sufficient detail. She states that she is over the age of forty, but does not provide any details to indicate that she was fired because she was over forty. To support a claim under the ADEA, a plaintiff must show state facts that support the conclusion that her age was the reason she was fired.

And the same is true for Title VII. There are no facts in the complaint that indicate that the plaintiff was fired because of her race; she simply states her belief that she was fired because she is an African-American female.

Additionally, Title VII, the ADA, and the ADEA require that before a plaintiff can file a federal lawsuit, she must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged

11

unlawful employment practice. 42 U.S.C. §20005(e)(1); 42 U.S.C. §12117(a); 29 U.S.C. §626(d)(1). If the EEOC chooses not to proceed on the plaintiff's behalf, it will issue a notice of right to sue. The plaintiff then must file her lawsuit within ninety (90) days from the date the EEOC gives notice of right to sue. Houston v. Sidley & Austin, 185 F.3d 837, 838-39 (7th Cir. 1999) (citations omitted).

The plaintiff does not indicate in her complaint whether she ever filed a charge with the EEOC, and if she has a Notice of Right to Sue, she did not attach it to her complaint.

The court will provide the plaintiff with an opportunity to amend her complaint, so that she can, if possible, (a) provide additional facts to support claims under either §1983 (as to defendants Ament and Morgan), or Title VII, the ADA, and/or the ADEA (against all three defendants) and (b) attach the Notice of Right to Sue from the EEOC (if she elects to proceed under Title VII, the ADA and/or the ADEA and, in fact, she has received such notice). If the plaintiff can meet the requirements the court describes—if she can allege the necessary additional facts to prove either a §1983 claim against the individual defendants, or if she can allege additional facts and attach a Notice of Right to Sue in support of claims under the other statutes—she must file her amended complaint on or before **Friday, April 22, 2016**. If the plaintiff files an amended complaint, the court will screen it. If the plaintiff does not file an amended complaint in time for the court to receive it on or before **April 22, 2016**, the court will dismiss the complaint without further notice or hearing.

12

The court advises the plaintiff that the amended complaint must contain the case number assigned to this case and must be labeled "Amended Complaint." The amended complaint will supersede the original complaint, and must be complete in itself without reference to the original complaint. <u>Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84</u>, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In <u>Duda</u>, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" <u>Id.</u> at 1057 (citation omitted).

## **CONCLUSION**

The court **GRANTS** the plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2).

The court **ORDERS** that if the plaintiff is able to file an amended complaint and wishes to do so, she must file that amended complaint on or before **FRIDAY APRIL 22, 2016.**

Dated in Milwaukee, Wisconsin this 17th day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge