UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLEN WHITE,

      Plaintiff,

v.                                          Case No. 16-CV-00041-PP

CITY OF NEW BERLIN,
KARI MORGAN and
DAVID AMENT,

      Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10) AND GRANTING MOTION TO ISSUE SUMMONS (DKT. NO. 11)**

**I.    Factual Background**

On January 11, 2016, plaintiff Ellen White filed a *pro se* complaint, Dkt. No. 1, along with a motion for leave to proceed without paying the filing fee, Dkt. No. 2. On March 17, 2016, the court issued an order screening the complaint, granting the motion to proceed *in forma pauperis* and requiring the plaintiff to file an amended complaint. Dkt. No. 6. Among other things, this order required the plaintiff to specifically describe the allegations she wanted to bring against each individual party, and required her to file, if she had it, her notice of right to sue from the EEOC. Id. On May 27, 2016, the plaintiff filed an amended complaint, Dkt. No. 10, along with an EEOC Dismissal and Notice of Rights form, Dkt. No. 10-1. She then filed, on July 19, 2016, a motion to issue summons. Dkt. No. 11.

1

The Dismissal and Notice of Rights form the plaintiff submitted is dated December 9, 2015. Dkt. No. 10-1. The plaintiff filed her complaint on January 11, 2016, well within the ninety-day time limit specified in the Notice of Suit Rights. Accordingly, the court finds that the plaintiff has met the pre-requisite for filing suit under the ADA, the ADEA and Title VII.

The amended complaint lists four causes of action. The first cause of action alleges that defendants Morgan and Ament violated the plaintiff's right to due process under the Fourteenth Amendment of the Constitution when they fired her. Dkt. No. 10 at 8. The second cause of action alleges that defendants Morgan and Ament fired the plaintiff in violation of the Americans with Disabilities Act (because she suffers from fibromyalgia), the Age Discrimination in Employment Act (because she is over forty years old), and Title VII of the Civil Rights Act (because she is African-American). Id. The third cause of action alleges that defendants Morgan and Ament fired her in violation of Wisconsin's Fair Employment Act—Wis. Stat. §§111.321, 111.322(3), 111.33(2)(a), and 111.34(1)(b). Id. The fourth cause of action alleges that defendants Morgan and Ament fired her in violation of "§11-1B, 1C, 11-11B, 11-12, 11-13A, 11-14, 11-23 of the New Berlin Municipal Code." Id. at 9.

**II.     Discussion**

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47(1957)). Furthermore, "[a] document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007). Courts must hold *pro se* complaints, "however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers..." Id. As a result, the United States Court of Appeals for the Seventh Circuit has set an "undemanding" standard for employment discrimination complaints at the screening stage. See Samovsky v. Nordstrom, Inc., 619 F. App'x 547, 548 (7th Cir. 2015); Tate v. SCR Medical Transp., 809 F.3d 343 (7th Cir. 2015).

For example in Samovsky, the Seventh Circuit, in an unpublished order, vacated a district court's decision to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Samovsky v. Nordstrom, Inc., 619 F. App'x at 548. The Seventh Circuit found that the dismissal was premature because the plaintiff checked the appropriate boxes on the form complaint and attached a charge of discrimination filed with the EEOC that included an affidavit about the plaintiff's claims. Id. Even though the affidavit was "rambling and confusing," the court found that the plaintiff had stated a claim by including at the bottom of her submission, "that despite being qualified, she was not hired because she was discriminated against on account of her national origin, sex, age, and religion." Id. The Seventh Circuit then noted that "[i]ndeed, I was turned down for a job because of my race is all a

3

complaint has to say." Id. (quoting Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The Seventh Circuit reiterated this finding in a decision issued later that year, Tate v. SCR Medical Transp., 809 F.3d at 345. In Tate, the Seventh Circuit reversed and remanded a district court's dismissal of a complaint for failure to state a claim, finding that:

> The only seriously deficient allegation concerns the disability, which is not named or otherwise identified in the complaint ... surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability ....
>
> The other violations that the plaintiff complains of—sexual harassment, discrimination on the basis of his sex, and retaliation for engaging in protected activity—are adequately alleged, given our ruling in *Luevano v. Wal–Mart Stores, Inc., supra,* 722 F.3d at 1028, quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084–85 (7th Cir.2008), that "to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer [had] instituted a (specified) adverse employment action against the plaintiff on the basis of her [or his] sex." The pro se complaint in this case satisfies that undemanding standard.

Id. at 345–46 (citations omitted). Essentially, in order for a *pro se* litigant in an employment discrimination suit who has received an EEOC notice of right to sue need only describe the adverse employment action and identify a statute-protected basis of discrimination. Id.

The court finds that the plaintiff has met the Seventh Circuit's standard regarding her second and third causes of action—the plaintiff's claims under the ADEA, ADA and Title VII, and the Wisconsin state law equivalents (Fair

4

Employment Act).[1] The amended complaint states that defendant Morgan, under the direction of defendant Ament, removed her from her position because of her race, age, and disability (fibromyalgia), and because she opposed the city's policy of excluding African Americans from the fire department. Dkt. No. 10 at 3. The court finds that that is all she needs to state in order to proceed past the screening stage on her second and third causes of action.

The plaintiff may not proceed on those causes of action, however, as to all defendants. An employment discrimination complaint is properly brought against "the head of the department, agency or unit, as appropriate." 42 U.S.C. §2000e-16(c); Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper defendant is 'the head of the department, agency, or unit, as appropriate.' 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures)"). Defendant Ament is the mayor of the City of New Berlin and therefore, he is the appropriate defendant for the plaintiff's claims. The court will dismiss the other defendants.

The court also finds that the plaintiff may not proceed on her first cause of action, under 42 U.S.C. §1983. To prevail on a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that (1) she was deprived of a right secured by the

---

[1] The court will exercise supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. §1367, and treat the causes of action similarly for the purposes of screening the complaint. It is important to note, however, that there is some debate whether the Fair Employment Act gives rise to a private right of action. See Kurtz v. City of Waukesha, 280 N.W.2d 757, 763 (Wis. 1979) but see Boczon v. Northwestern Elevator Co., Inc., 652 F. Supp. 1482, 1485 (E.D. Wis. 1987). The court makes no finding on that question at this early stage in the case.

5

Constitution or laws of the United States, and (2) the defendants acted under color of state law. See Potkay v. Ament, 34 F. Supp. 3d 937, 946 (E.D. Wis. 2014) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)). The plaintiff alleges that the defendants violated her due process rights under the Fourteenth Amendment.

"In order to assert a Fourteenth Amendment due process claim, [a plaintiff] must demonstrate that [s]he possessed a property interest in [her job position] that is protected by the Constitution." Johnson v. City of Fort Wayne, Ind., 91 F.3d 922, 943 (7th Cir. 1996). "Such property interests are created and defined by an independent source, such as a contract or state law, or, as alleged here, municipal ordinance." Potkay, 34 F.Supp.3d at 946 (citing Gen. Auto Serv. Station v. City of Chicago, 526 F.3d 991, 1000 (7th Cir. 2008)). "A constitutionally protected property interest arises when government gives its employees assurances of continued employment." Id. (citing Gorman v. Robinson, 977 F.2d 350, 356 (7th Cir. 1992)). The plaintiff points to the New Berlin Municipal Code as her source of this property interest. That code provides, however, that a civil service appointment does not become absolute until after the successful completion of a one-year period. New Berlin Municipal Code §11-9. As the plaintiff admits in her pleadings, her employment was terminated while she still was in the one year probationary part of her position (although that probationary period had been extended due to performance issues). Dkt. No. 1 at 4. Consequently, she never obtained a

6

Case 2:16-cv-00041-PP    Filed 08/17/16    Page 6 of 9    Document 12

constitutionally-protected property interest in that employment. The plaintiff may not proceed on her §1983 claim.

Finally, the court will not allow the plaintiff to proceed on her fourth cause of action. The plaintiff asserts that the defendants violated the New Berlin Municipal Code when they terminated her. The code does not provide a private right of action for non-employees who claim to have suffered adverse employment actions; rather, §11-12 lays out the procedures that employees of the municipality are required to follow in suspending, demoting, and dismissing personnel. In other words, while a New Berlin employee may be subject to sanctions for failing to follow the procedures in the municipal code, the code does not provide a person who was suspended, disciplined or fired a right to file a lawsuit against a employee who failed to follow the code in doing the suspending, disciplining or firing. In addition, discriminatory employment actions by municipalities are governed by Wisconsin's Fair Employment Act. Kurtz, 280 N.W.2d at 765 ("By amending the Act to effectively apply to state employees with causes of action arising under the Act, the legislature has consented to suit under the provisions of the Act, and this consent extends to municipalities.") Consequently, the plaintiff already has filed a discrimination claim in her third cause of action, upon which the court will allow her to proceed.

### III. Conclusion

The court **ORDERS** that the plaintiff may proceed against defendant David Ament in his capacity as mayor of the city of New Berlin on her claims

7

that defendant Ament fired the plaintiff in violation of the Americans with Disabilities Act (because she suffers from fibromyalgia), the Age Discrimination in Employment Act (because she is over forty years old), Title VII of the Civil Rights Act (because she is African-American), and Wisconsin's Fair Employment Act—Wis. Stat. §§111.321, 111.322(3), 111.33(2)(a), and 111.34(1)(b).

The court further **ORDERS** that defendants City of New Berlin and Kari Morgan are **DISMISSED** as defendants.

The court **GRANTS** the plaintiff's motion to issue summons (Dkt. No. 11), and **ORDERS** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, the magistrate judge consent/refusal form, and this order upon the defendant, pursuant to Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making, or attempting to make, such service. 28 U.S.C. §1921. The full fee schedule appears at 28 C.F.R. §0.114(a)(2)-(3). Even though Congress requires the court to order the U.S. Marshals Service to provide service when it allows a person to proceed *in forma pauperis*, Congress has not allowed either the court or the U.S. Marshals Service to waive those fees.

The court further **ORDERS** that the defendant shall answer or otherwise respond to the complaint within the time frame prescribed by the Federal Rules of Civil Procedure.

Dated in Milwaukee, Wisconsin this 17th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge